**TIDE WATER ASSOCIATED OIL CO. v. JONES, Collector of Internal Revenue.**
**Civil Action No. 1289.**

District Court, W. D. Oklahoma.

Aug. 23, 1944.

Y. P. Broome, of Tulsa, Okl., for plaintiff.

Charles E. Dierker, U. S. Dist. Atty., of Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

This action was brought by the plaintiff to recover documentary stamp taxes assessed against it by the defendant under the provisions of Schedule A(8) of Title VIII of the Revenue Act of 1926 as added by Section 725 of the Revenue Act of 1932,

26 U.S.C.A. Int.Rev.Acts, page 635. The taxes were assessed against plaintiff as successor of Tide Water Oil Company, a dissolved Oklahoma corporation. The case was submitted on the pleadings and an agreed statement of facts.

### Findings of Fact

(1) Plaintiff is a Delaware corporation, duly licensed to engage in business in the State of Oklahoma. Defendant is and was at all times in controversy United States Collector of Internal Revenue for the District of Oklahoma.

(2) On and prior to August 3, 1936, Tide Water Oil Company, a Delaware corporation, was the owner of all of the issued and outstanding capital stock of Tide Water Oil Company, an Oklahoma corporation, and on the date last mentioned the Directors and Stockholders of the Oklahoma corporation passed appropriate resolutions adopting a plan for the liquidation and dissolution of the Oklahoma corporation. The plan, in substance, provided that the Oklahoma corporation in contemplation of its dissolution should distribute and convey to its sole stockholder, the Delaware corporation, all of the property and assets of every kind and character of the Oklahoma corporation, in return for which the Delaware corporation would surrender all of the capital stock of the Oklahoma corporation for redemption and cancellation by the latter. The plan further provided that prompt action should thereafter be taken by the Oklahoma corporation for its dissolution.

(3) Pursuant to the foregoing plan the Oklahoma corporation by instrument dated August 4, 1936, transferred all of its property of every kind and character, including real estate, to the Delaware corporation, and in accordance with the statutes of Oklahoma the Oklahoma corporation was thereafter dissolved by decree of the District Court of Tulsa County, Oklahoma, on November 5, 1936.

(4) Upon delivery of the foregoing instrument of conveyance the Delaware corporation surrendered to the Oklahoma corporation for cancellation, certificates for all of the issued and outstanding capital stock of the Oklahoma corporation.

(5) At the time of the above transfer by the Oklahoma corporation to the Delaware corporation, the total assets of the Oklahoma corporation were of a value of $36,310,416.31 and its total liabilities amounted to $25,349,345.78, of which liabilities $20,354,562.72 represented advances on open account that had been made to the Oklahoma corporation by Tide Water Oil Company, a New Jersey corporation, which, during the time of the advances, was the sole stockholder of the Oklahoma corporation.

(6) Subsequent to the above transfer of assets, the Delaware corporation discharged all outstanding liabilities of the Oklahoma corporation.

(7) On November 30, 1936, after appropriate proceedings, Tide Water Oil Company, the Delaware corporation, was merged with and into the plaintiff in this case.

(8) On or about August 4, 1940, the defendant, as Collector as aforesaid, served on the plaintiff, as successor to the dissolved Oklahoma corporation, a notice and demand for the documentary stamp taxes involved; and on December 20, 1940, pursuant to the notice and demand, plaintiff paid to the Collector under protest said taxes with interest in the total sum of $8,135.13. On May 24, 1941, plaintiff filed with the Commissioner of Internal Revenue a claim for refund of the taxes and interest, and on August 20, 1941, the Commissioner denied such claim.

(9) The parties have stipulated that if, because of the transfer of real estate in the above transaction, the instrument evidencing such transfer is subject to documentary stamps then the amount of taxes assessed is correct.

### Conclusions of Law

The Court concludes as a matter of law that:

■ (1) The conveyance by the Oklahoma corporation to the Delaware corporation, which included real estate, was not a sale of real estate within the provisions of Schedule A(8) of Title VIII of the Revenue Act of 1926 as added by Section 725 of the Revenue Act of 1932.

■ (2) The conveyance in question by the Oklahoma corporation to the Delaware corporation was without consideration. The discharge of the Oklahoma corporation's liabilities by the Delaware corporation did not result in a consideration to the Oklahoma corporation because the assets transferred by the Oklahoma corporation were of a value considerably in excess of its liabilities.

(3) Plaintiff's claim for refund of the amount of the taxes paid by it to the Collector for documentary stamp tax on the transfer should have been allowed.

(4) Plaintiff is entitled to judgment against the defendant for the sum of $8,135.13, with interest thereon from December 20, 1940, at the rate of 6% per annum.