**R. H. MACY & CO., Inc. v. UNITED STATES.**

United States District Court S. D. New York.

Oct. 24, 1952.

Thomas M. Green and Nathan Dreizen, New York City, for plaintiff.

Myles J. Lane, U. S. Atty., New York City, for defendant.

EDELSTEIN, District Judge.

The case arises on cross motions for summary judgment, no issues of fact being presented. Plaintiff sues to recover $461.-45, assessed in connection with an alleged sale of real property, for federal documentary stamp taxes under § 3482 of the Internal Revenue Code, and paid under protest. The plaintiff liquidated five of its wholly owned subsidiaries, each of whom possessed assets in excess of liabilities. In each transaction, the subsidiary transferred

all of its assets, including real estate, to the parent, which assumed all liabilities, and all of the stock of the subsidiary was surrendered for complete cancellation. The issue is whether the conveyance of real property to the plaintiff by its subsidiaries is subject to the documentary stamp tax under the provisions of § 3482 of the Internal Revenue Code.[1]

Section 113.80 of Treasury Regulations 71 provides that the tax is limited to conveyances of realty sold and does not apply to other conveyances, and § 113.81 defines the term "sold" as importing "transfer of title for a valuable consideration which may involve money or anything of value." The plaintiff contends that there has been no sale of realty because, since the assets transferred to the parent exceeded the liabilities assumed by it, the subsidiaries received no consideration for the conveyances. Socony-Vacuum Oil Co. v. Sheehan, D.C.E.D.Mo.1943, 50 F.Supp. 1010 and Tide Water Associated Oil Co. v. Jones, D.C.W.D.Okl.1944, 57 F.Supp. 482, dealing with identical type fact situations, support the plaintiff's contention, holding that the transfers were solely for the cancellation of the capital stock, without consideration, and therefore not subject to the stamp tax.

The Government's position is that a parent corporation, at the dissolution of its subsidiary, receives the assets of the subsidiary to the extent of its liabilities as a creditor or purchaser of the assets, and receives only the balance of the assets as stockholder. The stamp tax is applied to the value of the realty which is proportionately allocated to the subsidiary's liabilities. That is, the consideration paid for the realty conveyed is computed on the basis of that percentage of the liquidating corporation's liabilities assumed by the parent which the adjusted value of the real estate bears to the adjusted value of all the property.

■ The issue is highly technical, and both answers seem plausible. But the taxpayer's argument, thoroughly supported by the Socony-Vacuum and Tide Water cases, leads to the anomalous conclusion that a conveyance by an insolvent subsidiary is subject to the tax while a conveyance by a solvent subsidiary is not. To meet this objection with the answer that in the one case there is consideration while in the other there is none, is to beg the question. The precise question is whether there is consideration for the conveyance by a solvent subsidiary. I am persuaded by the analogy of the decisions in Glenmore Distilleries Co., Inc., v. C.I.R., 1942, 47 B.T.A. 213 and Houston Natural Gas Corporation, v. C.I.R., 1947, 9 T.C. 570, interpreting § 112(b)(6) of the Internal Revenue Code.[2] In the first case, an insolvent subsidiary was dissolved and its assets were applied on the debts. The Board of Tax Appeals held that the parent received its subsidiary's assets as a creditor, and since the debts exceeded the assets, the parent received nothing as a stockholder. Consequently, the unpaid debts of the subsidiary were deductible by the parent corporation on its tax return. In the latter case, a solvent subsidiary, indebted to the parent, was dissolved and the Tax Court held that the same principle was applicable: a subsidiary's transfer of all assets to a creditor

---

1. § 3480 of Title 26 U.S.Code, provides for the tax upon instruments described in § 3482. 26 U.S.C. § 3482 is as follows: "*Conveyances.* Deed, instrument, or writing, (unless deposited in escrow be fore April 1, 1932), whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her, or their direction, when the consideration or value of the interest or property conveyed, ex clusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds $100 and does not exceed $500, 55 cents; and for each additional $500 or fractional part thereof, 55 cents. This section shall not apply to any instrument or writing given to secure a debt."

2. Providing that no gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation.

parent is first applicable to a discharge of its indebtedness to the parent, and only the excess of the assets' value above indebtedness constitutes a liquidating distribution. Of course, in the case at bar, there was no actual conveyance of a fractional part of any realty, and the formula adopted for the calculation of the stamp tax bears no relationship to literal occurrences. But realistically, the parent could not acquire the subsidiaries' assets in derogation of their creditors. And just as the excess of their assets above their obligations would be the amount available for a liquidating dividend, the same amount may be considered as transferred to the parent without consideration. For the rest, including a proportionate share of the realty, I am constrained to hold that there was consideration, and hence a sale of realty within the purview of § 3482.

Furthermore, § 113.83(g) of Treasury Regulations 71 [3] seems to cover the situation specifically. In these transactions there were conveyances of realty by corporations in liquidation or dissolution to their shareholder subject to corporate debts, and there were corporate debts. The fact that, theoretically, at least, the debts might have been discharged before conveyance does not alter the fact that the practical situation, toward which the tax is apparently directed, was otherwise. This interpretation of the regulations by the Treasury Department and the Bureau of Internal Revenue seems consistent with the statute and is a consideration weighing in the court's analysis. The question is a close one, but since it is purely a matter of law, summary judgment for the defendant will be granted.

3. "§ 113.83.—The following are examples where the tax applies:

\*    \*    \*    \*    \*

"(g) A conveyance of realty by a corporation in liquidation or in dissolution to its shareholders subject to the debts of the corporation; however, if there are no corporate debts and the conveyance is made solely for the cancellation and retirement of the capital stock, the tax does not apply."