**GREYHOUND CORP.**

v.

**UNITED STATES.**

No. 10904.

United States Court of Appeals Seventh Circuit.

Jan. 4, 1954.

George T. Christie, Chicago, Ill., for appellant.

H. Brian Holland, Ass't. Atty. Gen., Melva M. Graney, Sp. Asst. to Atty. Gen., Otto Kerner, Jr., U. S. Atty., Chicago, Ill., Ellis N. Slack, S. Dee Hanson, Sp. Assts. to Atty. Gen., John A. Looby, Jr., Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from a judgment for the defendant in a civil action brought by taxpayer for the recovery of documentary stamp taxes paid by it in the years 1948 and 1949.

Prior to December 31, 1948, taxpayer, a Delaware corporation, was the owner of all of the capital stock of Central Greyhound Lines, Inc., a Delaware corporation; Great Lakes Greyhound Lines, Inc., a Michigan corporation; Illinois Greyhound Lines, Inc., an Illinois corporation; Ohio Greyhound Lines, Inc., an Ohio corporation; Dixie Greyhound Lines, Inc., a Delaware corporation; Florida Greyhound Lines, Inc., a Florida corporation; North Coast Greyhound Lines, Inc., a Washington corporation; and Valley Greyhound Lines, Inc., an Ohio corporation. It was also the owner of 99.86% of the outstanding capital stock of Great Lakes Greyhound Lines, Inc., of Indiana, an Indiana corporation; and of 98.23% of the outstanding capital stock of Northwest Greyhound Lines, Inc., a Washington corporation. All of the subsidiary corporations were solvent and were engaged in the business of common carriers.

Pursuant to duly adopted plans of liquidation and dissolution, on December 31, 1948, each of five of the subsidiaries named, and on December 31, 1949, each of the other five subsidiaries named, transferred and distributed all of its properties and assets to the taxpayer by an instrument of general assignment. Each subsidiary transferred real estate which was conveyed by deeds to which taxpayer affixed and cancelled United States documentary stamps of a total cost of $2,301.20.

Each of the plans for the liquidation and dissolution of the subsidiaries provided in substance for the transfer and distribution to the taxpayer of all of the property and assets of every kind and character of the subsidiary, subject to the liabilities of the subsidiary, in complete cancellation and redemption of all of the capital stock of the subsidiary. In the cases of Great Lakes Greyhound Lines and Northwest Greyhound Lines, because of small minority interests involved, the plans provided in addition for the delivery to the subsidiary of a fixed number of shares of capital stock of the taxpayer and for the distribution of such stock to the minority shareholders in the subsidiary. The minority shareholders of Northwest Greyhound Lines, Inc., demanded payment for their stock in cash, and as a result taxpayer assumed the subsidiary's liability to pay the minority stockholders the value of their stock in lieu of delivering its own stock to the subsidiary.

After the transfer of assets, taxpayer satisfied and discharged all of the outstanding liabilities of each subsidiary except the liability of the Northwest Greyhound Lines, Inc. to its minority stockholders. Each subsidiary was dissolved shortly after it was liquidated, except that the dissolution of Northwest Greyhound Lines, Inc. was delayed by court proceedings.

The statute and regulations provide that the stamp tax is imposed on all deeds whereby realty sold is assigned or conveyed to the purchaser for a valuable consideration and includes the conveyance of realty by a corporation in liquidation or in dissolution to its shareholders, subject to the debts of the transferor corporation. The controlling question is whether there was a valuable consideration for the conveyances to the taxpayer by its solvent subsidiaries. The district court found and held that the transfers were made for a valuable consideration, and that the stamp tax was payable under the provisions of Sec. 3482, Internal Revenue Code, 26 U.S. C.A. § 3482.

The interpretative Treasury Regulations 71 (1941 Ed.), relating to stamp taxes on "Conveyances of Realty Sold" (subpart G), Secs. 113.80, 113.81(b), 113.83(f) and (g) provide that "The term 'sold' imports transfer of title for

a valuable consideration which may involve money or anything of value"; that, in scope, "The tax is limited to conveyances of realty sold and does not apply to other conveyances"; and that conveyances subject to the tax comprise, among other things, "A conveyance of realty to a corporation in exchange for shares of its capital stock," and "A conveyance of realty by a corporation in liquidation or in dissolution to its shareholders subject to the debts of the corporation."

Taxpayer contends that the absorption of a subsidiary corporation by its parent corporation through a process of liquidation and dissolution is not a sale, and argues that there is no consideration for the transfer of the assets in such a transaction. Taxpayer says that what happened in the case at bar is a de facto merger, which is fundamentally different than a sale. Two district court cases support the contention of the taxpayer: Socony-Vacuum Oil Co. v. Sheehan, D.C.E.D.Mo., 50 F.Supp. 1010, and Tide Water Associated Oil Co. v. Jones, D.C.W.D.Okl., 57 F.Supp. 482. However, there are two district court opinions contra: R. H. Macy & Co., Inc., v. United States, D.C.S.D.N.Y., 107 F. Supp. 883, and the decision of the district court in the case at bar. It should be noted that in the Macy case the court refused to follow the decisions in the Socony-Vacuum and Tide Water Oil cases. The court below followed the Macy case.

We hold that the decision of the district court herein was correct, and in harmony with the provisions of Sec. 3482, Internal Revenue Code. We think Treasury Regulations 71, Sec. 113.83(g) (1941 Ed.) is applicable,[1] and we have no basis to hold that it is unreasonable or inconsistent with the statute. Under such circumstances the regulation should not be overruled except for weighty reasons. Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U. S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831.

Taxing statutes are to be construed and given effect in the light of the taxing purpose they evidence. Burnet v. Harmel, 287 U.S. 103, 753 S.Ct. 74, 77 L.Ed. 199. Had Congress intended that deeds transferring property, as under the circumstances of the instant case, should be exempt from the stamp tax, it could easily have said so, as it did in Sec. 1808, Internal Revenue Code, 26 U.S.C.A. § 1808, where it provided exemption from such taxes in respect of certain kinds of corporate reorganizations.

The title to the real estate of the subsidiaries passed to the taxpayer by means of the deeds. All of the property of the subsidiaries was transferred subject to liabilities then existing. The creditors of the subsidiaries had the paramount right to the property thus transferred, at least to the extent of the indebtedness. Hence the taxpayer paid for all the assets received to the extent of the subsidiaries' debts which taxpayer later discharged. In effect it purchased from the subsidiaries' creditors the portions of the assets equal to their obligations. This was a valuable consideration. It is only the assets over and above the obligations that were received by the taxpayer without consideration. As was well stated by the court in R. H. Macy & Co., Inc., v. United States, supra, 107 F.Supp. at page 885: "Of course, in the case at bar, there was no actual conveyance of a fractional part of any realty, and the formula adopted for the calculation of the stamp tax bears no relationship to literal occurrences. But realistically, the parent could not acquire the subsidiaries' assets in derogation of their creditors. And just as the excess of their assets above

---

1. "Sec. 113.83. Conveyances Subject to Tax.—The following are examples where the tax applies: * * * (g) A conveyance of realty by a corporation in liquidation or in dissolution to its shareholders subject to the debts of the corporation: however, if there are no corporate debts and the conveyance is made solely for the cancellation and retirement of the capital stock, the tax does not apply."

their obligations would be the amount available for a liquidating dividend, the same amount may be considered as transferred to the parent without consideration."

Taxpayer relies upon United States v. Seattle-First National Bank, 321 U.S. 583, 64 S.Ct. 713, 88 L.Ed. 944. In that case there was a merger of a State bank and a national bank under the provisions of the National Banking Act, 12 U.S. C.A. § 34a. The transfers were not evidenced by any deed or conveyance. The court pointed out that there was a complete absence of any formal deed or instrument upon which the stamp tax is laid, and held there was no sale, for the realty was by operation of law vested in the new consolidated corporate entity. The provisions of the special statute involved in that case make it inapplicable to the statute and the facts in the case at bar.

The judgment of the district court is affirmed.