[No. 33201. Department Two. July 7, 1955.]

DEER PARK PINE INDUSTRY, INC., et al., *Appellants,*
v. STEVENS COUNTY *et al., Respondents.*[1]

[1]Reported in 286 P. (2d) 98.

*Witherspoon, Witherspoon & Kelley,* for appellants.

*The Attorney General, Frank P. Hayes* and *Quinby R. Bingham, Assistants,* and *Sidney R. Buckley,* for respondents.

*Bogle, Bogle & Gates, Evans, McLaren, Lane, Powell & Beeks, Graham, Green, Howe & Dunn, Monheimer, Schermer & Mifflin, Montgomery, Montgomery & Purdue, Skeel, McKelvy, Henke, Evenson & Uhlmann,* and *Wright, Innis, Simon & Todd, amici curiae.*

WEAVER, J.—Is the distribution of real property to stockholders, by the statutory-liquidating trustee of a corporation in dissolution, subject to the one per cent tax on real-estate sales, as authorized by RCW 28.45 (Laws of 1951, 1st Ex. Ses. chapter 11, p. 18; Laws of 1951, 2d Ex. Ses., chapter 19, p. 74; Laws of 1953, chapter 94, p. 183) and as implemented by Stevens county ordinance No. 56-1953, enacted by the board of county commissioners on April 27, 1953?

The facts are stipulated. March, 1950, the Deer Park Pine Industry, Inc., acquired a three-fourth stock interest, and The Chicago and Riverdale Lumber Company acquired a a one-fourth stock interest, in the North Columbia Company, a Washington corporation.

On, and prior to, December 24, 1953, North Columbia Company owned certain real property, 76.62 per cent of which was located in Stevens county, Washington. The exact value of the property is unknown, but the parties stipulated that it has a value in excess of five hundred thousand dollars. On December 24, 1953, the shareholders of North Columbia Company unanimously resolved to liquidate the corporation and disincorporate. (A vote by the

holders of two thirds of the voting power of all shareholders is sufficient to authorize dissolution of a corporation under the statute. Rem. Rev. Stat. (Sup.) § 3803-49 [cf. RCW 23-.44.020].) J. H. Leuthold, one of the plaintiffs, was appointed trustee to wind up the affairs of the corporation out of court. December 29, 1953, the trustee conveyed and quit-claimed the real property located in Stevens county to the shareholders.

Prior to the conveyance, Stevens county passed ordinance No. 56-1953, imposing a tax on real-estate sales based on one per cent of the selling price, pursuant to authority granted by the legislature. RCW 28.45.

The parties stipulated:

"That at the time of the dissolution of said North Columbia Co., a Corporation, the liabilities to be assumed by the stockholders were computed at $109,388.87, . . . and that J. H. Leuthold, on December 31, 1953, paid to the defendant [treasurer of Stevens county] . . . the sum of $834.14, being one per cent (1%) of that portion of the liabilities of North Columbia Co., assumed by the shareholders that the valuation of the properties [located in Stevens county] . . . bear to the total value of all properties distributed to said shareholders on liquidation."

Plaintiff Leuthold, as liquidating trustee, and Deer Park Pine Industry, Inc., commenced this declaratory judgment action against Stevens county and its treasurer to determine whether a distribution in liquidation to stockholders of real property is a taxable event under the ordinance.

Plaintiffs appeal from a judgment declaring such a transfer to be a taxable event, under the ordinance, and fixing the tax at

". . . one per cent (1%) of the selling price, the selling price being the value on December 29, 1953 of said lands in Stevens County conveyed in undivided interests reduced by 76.62% of $109,388.87. . . ."

Section II of Stevens county ordinance No. 56-1953 provides:

"There is hereby levied and there shall be collected by the Treasurer on such sale of any real property situated in

Stevens County a tax equal to one per cent of the selling price."

This portion of the ordinance is authorized by RCW 28-.45.050.

The applicable portion of § I of the ordinance provides:

" . . . on or after June 11, 1953, the term 'sale' shall be defined as follows:

" 'Sale' shall have its ordinary meaning and shall *in addition* include any conveyance, grant, assignment, quit-claim, or transfer of [the] ownership of or title to real property, including standing timber, or any estate or interest therein, for a valuable consideration and any contract for such [conveyance] grant, assignment, quit-claim, or transfer, and any lease with an option to purchase real property, including standing timber, or any estate or interest therein or other contract under which possession of the property is given to the purchaser or any other person by his direction *while* [which] title is retained by the *seller* [vendor] as security *and* [for] the payment of the purchase price. . . . "

(The italicized words appear in the ordinance but not in RCW 28.45.010. The bracketed words appear in the statute but not in the ordinance. For the purpose of this opinion, we deem these changes of no consequence.)

Section I of the ordinance also contains the following definition:

" 'Selling price' shall mean the consideration, in money or anything of value paid or delivered or contracted to be paid or delivered in return for the transfer of the real property or estate or interest therein . . . " (See RCW 28.45.030.)

The science of semantics would be stretched beyond permissible limits to conclude that the transaction under examination constitutes a sale in "its ordinary meaning." If the event is a taxable one, it must be held to be such because it constitutes a "conveyance . . . for a valuable consideration."

■ We are not here concerned with the many rights which arise from ownership of corporate stock. It is sufficient for our purpose, in the instant case, to note that such ownership carries with it the inherent right to participate

in the control of the corporation, while it is operating as such, and the inherent right to share in the assets of the corporation—after creditors—when it is in the process of dissolution.

▪ The transition from the power to exercise the one right to the enjoyment of the other is governed by statute. The ultimate right of a particular stockholder to share in the assets of the corporation upon dissolution is not affected by his vote for or against dissolution, provided the vote in favor of dissolution is sufficient under the statute. Rem. Rev. Stat. (Sup.), § 3803-49 [cf. RCW 23.44.020].

▪ When dissolution has commenced, the authority and duties of the directors and officers of the corporation cease, except in so far as it may be necessary to preserve the corporate assets, and any transfer of shares or alteration in the status of shareholders is void, except as a court may otherwise order, if the proceeding is subject to the supervision of the court. RCW 23.44.090 (Rem. Rev. Stat. (Sup.), § 3803-56).

▪ If dissolution is not under the jurisdiction of the court, the powers and duties necessary to effect dissolution are vested by statute in the liquidating trustee. Rem. Rev. Stat. (Sup.), § 3803-54 (cf. RCW 23.44.070).

Among other things, the statute directs the liquidating trustee to collect all sums due the corporation; sell and convert into cash any and all corporate assets; pay all debts and liabilities of the corporation; and

"Any surplus remaining after paying off all debts and liabilities of the corporation shall be paid by the trustee or trustees to the shareholders according to their respective rights and preferences." Rem. Rev. Stat. (Sup.), § 3803-52 (cf. RCW 23.44.050).

Although it does not appear in the stipulated facts, it is inherent, from the ultimate nature of the distribution in liquidation made by Mr. Leuthold, that the stockholders of North Columbia Company voluntarily agreed (1) that the trustee might distribute their proportionate share in kind; and (2) that they would assume their proportionate share of the liabilities of the North Columbia Company.

(Parenthetically, we note that the 1955 legislature authorized a liquidating trustee to make distribution to stockholders, either in cash or *in kind*, according to their respective rights and preferences. Laws of 1955, chapter 92, § 1, p. 489.)

■ The fact that the dissolution of the corporation is the act which terminates the right to participate in the management of the corporation, and makes operative the right to share in the distribution of assets, does not make the termination of the first, the consideration for the execution of the second. There is no conveyance for a valuable consideration, taxable under the ordinance and statutes we are considering, where a change of title to real property is effected solely as a result of its distribution to stockholders of a solvent corporation in the process of dissolution, except as hereafter noted. See *United States v. Niagara Hudson Power Corp.*, 53 F. Supp. 796, 801 (D.C.S.D. N. Y.; 1944). The change in title is but the fruition of a right which accrued to the stockholder at the time the stock was acquired.

It is suggested that the actual surrender of the stock certificates constitutes consideration. The stipulated facts contain nothing concerning this. Assuming, however, that the certificates were surrendered and returned to the stock-certificate book (a frequent practice in order to complete the liquidation picture prior to filing a certificate of dissolution with the secretary of state), their surrender is, at this stage of the proceeding, a matter of form and not of substance. The stockholder neither gained nor lost anything thereby. (See *United States Trust Co. v. Commissioner of Corporations & Taxation*, 299 Mass. 296, 301, 13 N. E. (2d) 6 (1938).)

Not only is the question before us one of first impression in this state, but we have found no help in other state jurisdictions.

Analogous to the tax provided by the Stevens county ordinance is the Federal documentary stamp tax which is levied on deeds, instruments or writings, whereby real

property sold is conveyed to purchasers. 26 U. S. C. 1952 ed., §§ 3480 and 3482.

In *Tidewater Associated Oil Co. v. Jones,* 57 F. Supp. 482 (D.C.W.D. Okla.; 1944) (appeal dismissed on motion of appellant Jones, the commissioner of internal revenue, 148 F. (2d) 340 (C. C. A. 10th; 1945)) and *Socony-Vacuum Oil Co. v. Sheehan,* 50 F. Supp. 1010 (D.C.E.D. Mo; 1943) (appeal dismissed on motion of the commissioner and stipulation of the parties, 144 F. (2d) 252 (C. C. A. 8th; 1944)), the courts held that the transfer of real property to the stockholders of a corporation by the liquidating trustee did not constitute a sale of real property, within the provisions of the taxing statute; that the conveyance was without consideration; and that no stamp tax was due, even though the stockholders assumed the liabilities of the liquidating corporation, because the assets transferred were of a value considerably in excess of the liabilities.

We are more impressed, however, with the reasoning of the courts set forth in *Greyhound Corp. v. United States,* 208 F. (2d) 858 (C. A. 7th; 1954) and *R. H. Macy & Co. v. United States,* 107 F. Supp. 883 (D.C.S.D. N. Y.; 1952).

The liquidating trustee of the corporations involved transferred real property to the stockholders in cancellation of their stock. The stockholders assumed liabilities of the liquidating corporation in an amount less than the value of the real property transferred. The stamp tax was held applicable to the extent of the liabilities assumed by the stockholders.

In the *Greyhound* case, *supra,* the court said:

"All of the property of the subsidiaries was transferred subject to liabilities then existing. The creditors of the subsidiaries had the paramount right to the property thus transferred, at least to the extent of the indebtedness. Hence the taxpayer paid for all the assets received to the extent of the subsidiaries' debts which taxpayer later discharged. In effect it purchased from the subsidiaries' creditors the portions of the assets equal to their obligations. This was a valuable consideration. It is only the assets over and above the obligations that were received by the taxpayer without consideration." (p. 860)

This conclusion is further fortified by the court's analysis of the *Macy* case, *supra,* where it is stated:

"Of course, in the case at bar, there was no actual conveyance of a fractional part of any realty, and the formula adopted for the calculation of the stamp tax bears no relationship to literal occurrences. But realistically, the parent could not acquire the subsidiaries' assets in derogation of their creditors. And just as the excess of their assets above their obligations would be the amount available for a liquidating dividend, the same amount may be considered as transferred to the parent without consideration. For the rest, including a proportionate share of the realty, I am constrained to hold that there was consideration, and hence a sale of realty within the purview of § 3482." (p. 885)

It is argued by defendants that to levy the tax, based only upon the amount of the corporate debts assumed by the stockholders, leads to the anomalous result of levying a tax upon a liquidation in kind of an insolvent corporation and not upon such a transfer made by a solvent corporation. The precise question before us is whether there is a consideration for the conveyance by a *solvent* corporation in liquidation. When the other question is presented, as Judge Smith said in *City of Des Moines v. City of West Des Moines,* 239 Iowa 1, 14, 30 N. W. (2d) 500, 507 (1948),

"There will be time enough to bid the Devil 'good morrow' when we meet him."

In passing, however, we note that, although distribution *in kind* can now be made by the liquidating trustee, as a matter of law (Laws of 1955, chapter 92, § 1, p. 489), there is nothing which forces a stockholder to assume the liabilities of the liquidating corporation, whether it be solvent or insolvent. Assumption of the debts of a liquidating corporation by the stockholders is purely voluntary.

It appears from the stipulated facts that plaintiff Leuthold has

" . . . paid to the defendant, Chester A. Hills, as Treasurer of Stevens County, the sum of $834.14, being one per cent (1%) of that portion of the liabilities of North Columbia Co., assumed by the shareholders that the valuation of the properties [located in Stevens county] . . . bear to

the total value of all properties distributed to said share-holders on liquidation."

Thus, the tax, levied by Stevens county ordinance No. 56-1953 upon the transaction involved, has been paid.

■ Plaintiffs have assigned error to the granting of costs to defendants in the trial court. Their brief on appeal contains no argument in support of this assignment of error, and we cannot consider it. *Larson v. Duclos, ante* p. 334, 281 P. (2d) 458 (1955), and cases cited.

The judgment from which this appeal is prosecuted is reversed, and the cause remanded with the directions to enter a declaratory judgment not inconsistent with the views expressed in this opinion.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.

