[No. 40414.    En Banc.    April 30, 1970.]

DONALD W. DAVIS *et al.*, *Respondents*, v. THE COUNTY OF KING, *Appellant*, THE CITY OF HOUGHTON, *Intervenor*.

*Reported in 468 P.2d 679.

*Charles O. Carroll, James E. Kennedy,* and *Jeremy R. Randolph,* for appellant.

*Hodge, Dahlgren & Hillis, Jerome L. Hillis, Donald C. Cole,* and *Mark Clark,* for respondents.

STAFFORD, J.—King County appeals from a judgment of the trial court that ordered it to refrain from conveying property to the City of Houghton without a prior court order.

Respondents filed a petition for a writ of mandamus which alleged that King County had or was in the process of transferring property to the City of Houghton without having first obtained a decree of the superior court pursuant to RCW 39.33.010.[1] The trial court issued an alternative writ of mandate directed to the county.

The county moved to dismiss the writ, asserting that it had proceeded under the authority of RCW 36.34.130.[2] It argued that RCW 36.34.130 provided an alternate and less complex procedure for the disposal of county property by

[1]RCW 39.33.010. "Sale, exchange, transfer, lease of public property authorized. Notwithstanding any provision of law to the contrary, the state or any municipality or any political subdivision thereof, may sell, transfer, exchange, lease or otherwise dispose of any property, real or personal, or property rights, including but not limited to the title to real property, to the state or any municipality or any political subdivision thereof on such terms and conditions as may be mutually agreed upon by the proper authorities of the state and/or the subdivisions concerned: *Provided, That such property is determined by decree of the superior court* in the county where such property is located, after publication of notice of hearing is given as fixed and directed by such court, *to be either necessary, or surplus or excess to the future foreseeable needs of the state or of such municipality or any political subdivision thereof concerned, which requests authority to transfer such property.*" (Italics ours.)

[2]RCW 36.34.130. "Intergovernmental sales. The board of county commissioners may dispose of county property to another governmental agency and may acquire property for the county from another governmental agency by means of private negotiation upon such terms as may be agreed upon and for such consideration as may be deemed by the board of county commissioners to be adequate."

the private negotiation of governmental agencies. It contended that having selected the alternate procedure, it was not subject to the more restrictive provisions of RCW 39.33.010.

The county's motion to dismiss was denied and the trial court ordered:

> King County shall forthwith withdraw any contract, deed or other documents which attempts to convey property to the City of Houghton without first securing a decree pursuant to RCW 39.33.010.

The county appeals.

The sole issue is whether the legislature intended that counties have a choice of proceeding under either RCW 36.34.130 *or* RCW 39.33.010, or whether it was intended that RCW 36.34.130 be modified by the subsequent enactment of RCW 39.33.010.

■ Appellant maintains that the phrase "*may* sell . . . or otherwise dispose of any property" indicates that the use of RCW 39.33.010 is permissive, thereby implying that the procedures are alternatives. We do not agree.

RCW 39.33.010 is permissive only in that a county "may" dispose of its property upon mutually agreeable terms. The *permission* pertains to the county's authority to decide whether it will sell or transfer property. It does not relate to a choice of procedures or implementing statutes. Once a county has decided to dispose of its property, the procedure set forth in RCW 39.33.010 is mandatory.

■ RCW 39.33.010 commences with the phrase "Notwithstanding any provision of law to the contrary". This is significant. Notwithstanding means "without prevention or obstruction from or by; in spite of" Merriam-Webster Third International Dictionary (1964); *see also State ex rel. Morse v. Christianson*, 262 Wis. 262, 55 N.W.2d 20 (1952). This signifies the legislature declared its intent that despite any enactment to the contrary, and without prevention or obstruction by any prior act, the intergovernmental disposal of property must be preceded by the required superior court decree.

■ The enactment of RCW 39.33.010 added, to the procedure outlined in RCW 36.34.130, the requirement of a judicial declaration that the property "be either necessary, or surplus or excess to the future foreseeable needs" of the municipality requesting the transfer. If the requirement was meant to be optional, as alleged by appellant, no county would voluntarily submit to the restriction. The legislature could not have intended such a result.

■ Next, appellant contends that, by comparison with RCW 36.34.130, RCW 39.33.010 is general in nature. It is argued that RCW 36.34.130 should control because the provisions of a special law should prevail where general and special concurrent laws conflict. *State v. Collins,* 55 Wn.2d 469, 348 P.2d 214 (1960). We do not disagree with the rule as stated, but it does not apply to the instant case. The statutes are not in conflict. Where two legislative enactments relate to the same subject matter and are not actually in conflict, they should be interpreted to give meaning and effect to both. Such construction gives significance to both acts of the legislature. *Henderson v. McCullough,* 61 Wn.2d 90, 377 P.2d 244 (1962); *Miller v. King County,* 59 Wn.2d 601, 369 P.2d 304 (1962); *see also* 2 J. Sutherland, Statutory Constructions § 5204 (3d ed. 1943). When both statutes are given effect, RCW 39.33.010 merely supplements RCW 36.34.130 by providing the additional requirement of a court decree.

Finally, appellant contends considerable weight should be given an opinion of the Attorney General issued in 1957. The opinion concluded that the court decree required by RCW 39.33.010 was not mandatory. The 1957 opinion overruled an earlier one which had held a court decree was mandatory because RCW 39.33.010 modified RCW 36.34.130.

■ We do not feel a balancing of factors concerning the relative weight of conflicting opinions of the Attorney General will add anything to the decisional law of this state. It is true a construction placed upon an ambiguous statute by the Attorney General is entitled to considerable weight. *Bradley v. Department of Labor & Indus.,* 52 Wn.2d 780,

329 P.2d 196 (1958). Such an opinion is not controlling, however. *Kasper v. Edmonds,* 69 Wn.2d 799, 420 P.2d 346 (1966). In fact, we have frequently declined to follow opinions of the Attorney General. *Kasper v. Edmonds, supra,* and cases cited therein; *Deer Park Pine Indus., Inc. v. Stevens County,* 46 Wn.2d 852, 286 P.2d 98 (1955).[3] The court remains the final authority on the proper construction of a statute. *Kasper v. Edmonds, supra; Bradley v. Department of Labor & Indus., supra.*

The trial court is affirmed.

HUNTER, C. J., FINLEY, WEAVER, ROSELLINI, HAMILTON, HALE, and NEILL, JJ., and HILL, J. Pro Tem., concur.

\*Reported in 468 P.2d 681.

---

[3] In *Deer Park Pine Indus., Inc. v. Stevens County,* 46 Wn.2d 852, 286 P.2d 98 (1955) we reached the same result as the earlier of two conflicting Attorney General's opinions. Although *Deer Park* does not mention the two conflicting opinions, the record indicates that they were No. 51-53-010 and No. 53-55-116.